UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

**JESSICA HEIDE-HOLWELL,**

    **Plaintiff**

-vs-

CBE COMPANIES, INC. t/a CBE
    GROUP,

SERVE:    Thomas R. Penaluna,
             Registered Agent
             1309 Technology Parkway
             Cedar Falls, IA 50613

    Defendant.
_____/

CASE NO.:

**JURY TRIAL DEMANDED**

## COMPLAINT

The Plaintiff, JESSICA HEIDE-HOLWELL, hereby sues the Defendant, CBE COMPANIES, INC., and in support thereof respectfully alleges as follows:

1. This is a civil action for money damages in an amount that exceeds $75,000.00, exclusive of costs, interest, and attorneys' fees.

2. Plaintiff brings this action to recover statutorily prescribed damages for acts on the part of Defendant, CBE Companies, Inc. t/a CBE GROUP (hereafter "CBE") in violation of: 47 U.S.C. § 227, *et seq.*, the Telephone Consumer Protection Act of 1991 (hereafter "TCPA"); the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereafter "FDCPA"); and Iowa Code Chapter 537, *et. seq.,* Consumer Credit Code – Article 7, Debt Collection Practices Act (hereinafter "Iowa DCPA").

3. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. §1331.

1

4. Venue is appropriate with this Court under 28 U.S.C. §1391(b)(2), as it is the judicial district in which the Defendant, CBE, maintains its principal place of business.

PARTIES

5. Plaintiff, JESSICA HEIDE-HOLWELL, is and was at all times material hereto a natural person over the age of eighteen (18), who resides in Sheridan, Sheridan County, Wyoming.

6. Plaintiff, JESSICA HEIDE-HOLWELL, is and was at all times material hereto a "consumer" as defined by 15 U.S.C. § 1692a(3).

7. 'Plaintiff, JESSICA HEIDE-HOLWELL, is and was at all times material hereto is and was the "called party" with respect to the calls described herein. See Soppet v. Enhanced Recovery Co., LLC, 679 F.3d 637, 643 (7th Cir. 2012); Breslow v. Wells Fargo Bank, N.A., 755 F.3d 1265, 1266, 1267 Communications Reg. (P & F) 934 (11th Cir. 2014), 47 U.S.C. § 227(b)(1)(A).

8. At all times material hereto, Defendant, CBE, was and is a corporation engaged in the business of collecting debts within the State of Wyoming, with its principal place of business located at 1309 Technology Parkway, Cedar Falls, Iowa 50613.

9. At all times material hereto, Defendant, CBE, operated as "CBE Group" and/or "CBE Group" was a wholly owned subsidiary of Defendant, CBE.

10. At all times material hereto, Defendant, CBE, sought to collect an alleged debt from Plaintiff that arose from a transaction incurred for personal, family or household purposes, and therefore said debt is a "consumer debt" as defined by 15 USC § 1692a(5)

11. By virtue of the aforementioned actions, Defendant, CBE, was operating as a "debt collector" as defined by 15 U.S.C.§ 1692a(6).

12. At all times material hereto, Defendant, CBE, consented and had knowledge and control of the collection activities of its agents and representatives, including supervisors, managers, affiliates, subsidiaries, divisions, employees, servants, partners, agents, vendors, assignees, transferees, collectors, and/or contractors with respect to the collection activities at issue, which are further described herein.

## FACUAL ALLEGATIONS

13. Prior to the conduct at issue, Plaintiff incurred a consumer debt with a third-party.

14. Prior to the conduct at issue, Defendant, CBE, obtained authorization from the third-party to collect the aforementioned consumer debt.

15. Defendant, CBE, intentionally harassed and abused Plaintiff on numerous occasions by sending Plaintiff threatening collection letters asserting false and misleading information, by reporting false information to the Credit Reporting Agencies with respect to Plaintiffs, and by calling Plaintiff's cellular telephone number several times per day and on back to back days, with such frequency as can reasonably be expected to harass, in an effort to collect an alleged debt from Plaintiff.

16. Defendant, CBE, began initiating calls to Plaintiff's cellular telephone number, (307)751-1364, in an effort to collect the above described alleged debt.

17. Plaintiff verbally instructed Defendant, CBE, on numerous occasions to cease placing calls to her aforementioned cellular telephone number.

18. Thereafter, despite Plaintiff's unambiguous instructions to stop calling Plaintiff, Defendant, CBE, nevertheless continued to place calls to Plaintiff's aforementioned cellular telephone number on numerous occasions in an effort to collect the above described alleged debt, disregarding Plaintiff's instructions to cease placing such calls.

3

19. Defendant, CBE, intentionally harassed and abused the Plaintiff on numerous occasions by and through their agents and representatives, including but not limited to calling several times in one day and on back-to-back days, with such frequency as can reasonably be expected to harass the Plaintiff.

20. Plaintiff has received repeated calls on her aforementioned cellular telephone number from Defendant, and the calls continue through the date of filing of this Complaint.

21. Despite Plaintiff's repeated demands that Defendant, CBE, stop placing calls to her aforementioned cellular telephone number, Defendant, CBE, in an effort to collect the above described alleged debt, proceeded to engage in conduct in violation of the TCPA, FDCPA and Iowa DCPA as described herein.

22. The telephone calls at issue were placed by Defendant, CBE, using an "automated telephone dialing system" as specified by the TCPA, 47 U.S.C. § 227(a)(1), which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator, and to dial such numbers; and/or which has the capacity to dial numbers from a list without human intervention (hereafter "ATDS" or "autodialer").

23. Use of an automated telephone dialing system by the Defendant, CBE, when calling the Plaintiff, is evidenced by the fact that, on at least some of the answered calls, Plaintiff was greeted by a brief period of unnatural silence after completing her greeting and/or an audible click/beep prior to a live representative joining the line. Such are telltale signs and indicative of a predictive dialer and an automated telephone dialing system.

24. Defendant, CBE, initiated each of the calls at issue to Plaintiff's aforementioned cellular telephone number without the "prior express consent" of Plaintiff as specified by the TCPA,

4

47 U.S.C. §227(b)(1)(A) and/or subsequent to Plaintiff's revocation of any "prior express consent" that Defendant mistakenly believed it had.

25. Furthermore, none of the telephone calls at issue were placed by Defendant, CBE, to Plaintiff's aforementioned cellular telephone number for "emergency purposes" as specified by the TCPA, 47 U.S.C. §227 (b)(1)(A).

26. Defendant, CBE, consents of and has knowledge and control of the collection activities of its agents and representatives, including supervisors, managers, affiliates, subsidiaries, divisions, employees, servants, partners, agents, vendors, assignees, transferees, collectors and/or contractors with respect to the collection activity alleged herein.

27. Defendant, CBE, has a corporate policy of using an automatic telephone dialing system or a pre-recorded or artificial voice message, just as it did when calling the Plaintiff's aforementioned cellular telephone number, as described herein.

28. Defendant, CBE, willfully and/or knowingly violated the TCPA with respect to the Plaintiff.

29. Defendant, CBE, willfully and/or knowingly violated the FDCPA and Iowa DCPA with respect to the Plaintiff.

30. The relentless campaign of autodialed debt collection calls from the Defendant, CBE, to Plaintiff's cellular telephone number often resulted in Plaintiff receiving calls on back to back or multiple consecutive days, and sometimes up to four times per day, despite Plaintiff repeatedly demanding that Defendant, CBE, cease calling. These unwanted autodialed calls were intrusive, harassing and invaded Plaintiff's right to privacy.

31. Despite actual knowledge of its wrongdoing, Defendant, CBE, continued the campaign of harassment and abuse.

32. Defendant, CBE's corporate policy is structured to continue to call individuals like the Plaintiff, despite requests from said individuals for Defendant, CBE, to stop calling.

33. Defendant, CBE's corporate policy provided no means for the Plaintiff to have her number removed from the call list.

34. Defendant, CBE, intentionally harassed and abused the Plaintiff on numerous occasions by calling several times per day and on back-to-back days with such frequency as can be reasonably expected to harass, even after the Plaintiff repeatedly instructed the Defendant's representatives to stop from calling.

35. Defendant, CBE, followed its corporate policies when attempting to communicate with the Plaintiff in an effort to collect the alleged debt described herein.

36. Defendant, CBE, has been the recipient of numerous complaints from debtors, alleged debtors, and non-debtors across the country, similar to those alleged in this action by Plaintiff.

37. Defendant, CBE, has, or should be in possession and/or control of call logs, account notes, autodialer reports and/or other records that detail the exact number of calls made to Plaintiff over the relevant time period.

38. As a direct and proximate result of the Defendant's actions, Plaintiff has sustained mental pain and suffering, emotional distress, mental anguish, inconvenience, and loss of capacity for enjoyment of life.

39. All conditions precedent to the filing of this action have occurred.

## COUNT I
## VIOLATION OF THE TCPA

40. Plaintiff re-alleges and incorporates by reference the allegations of Paragraphs (1) through (37), as if fully set forth herein.

6

41. None of the calls at issue were placed by Defendant, CBE, to Plaintiff's aforementioned cellular telephone number with the "prior express consent" or "prior express invitation or permission" of Plaintiff, as specified by the TCPA, 47 U.S.C. § 227(b)(1)(A).

42. Additionally, Defendant, CBE, initiated each of the calls at issue to Plaintiff's aforementioned cellular telephone number subsequent to Plaintiff's revocation of any "prior express consent" Plaintiff may have previously provided to the Defendant or that Defendant mistakenly believed it received.

43. Furthermore, none of the calls at issue were placed by Defendant, CBE, to Plaintiff's aforementioned cellular telephone number for "emergency purposes" as specified by the TCPA, 47 U.S.C. §227 (b)(1)(A).

44. Defendant CBE willfully and/or knowingly violated the TCPA with respect to Plaintiff, JESSICA HEIDE-HOLWELL, by repeatedly placing non-emergency calls to Plaintiff's aforementioned cellular telephone number using an automated telephone dialing system and/or prerecorded or artificial voice message without Plaintiff's prior express consent, invitation or permission, as specifically prohibited by the TCPA, 47 U.S.C. §227(b)(1)(A)(iii).

45. The TCPA provides Plaintiff with a private right of action against Defendant CBE for its violations of the TCPA, as described herein, pursuant to 47 U.S.C. § 227(b)(3), and permits both injunctive relief and statutory damages.

WHEREFORE, Plaintiff, JESSICA HEIDE-HOLWELL, respectfully demands judgment against Defendant CBE for statutory damages, actual damages, treble damages, punitive damages, costs, interest, an injunction from further violations of these parts, and for such other relief as this Court deems just and proper.

## COUNT I
## VIOLATION OF THE FDCPA

46. Plaintiff re-alleges and incorporates by reference the allegations of Paragraphs (1) through (45), as if fully set forth herein.

47. Plaintiff has been the object of collection activity by the Defendant, CBE, arising from an alleged "consumer debt".

48. Defendant, CBE, is a debt collector as defined by the FDCPA.

49. Defendant, CBE, committed act(s) or omission(s) prohibited under 15 U.S.C. § 1692d by engaging in conduct in connection with the collection of a debt, the natural consequence of which is/was to harass, oppress, or abuse Plaintiff.

50. Defendant, CBE, committed act(s) or omission(s) prohibited under 15 U.S.C. § 1692d(5) by causing Plaintiff's aforementioned cellular telephone number to ring or engaging in Plaintiff in telephone conversations repeatedly or continuously with the intent to annoy, abuse, or harass the Plaintiff at the called number.

51. Defendant, CBE, committed act(s) or omission(s) prohibited under 15 U.S.C. § 1692d(6) by calling Plaintiff's aforementioned cellular telephone number and hanging up prior to or as soon as the Plaintiff or the Plaintiff's voicemail answered the call, in such a way as to fail to provide a meaningful disclosure of its identity.

52. Defendant, CBE, committed act(s) or omission(s) prohibited under 15 U.S.C. § 1692e(2)(a) by failing to accurately represent the character, amount, or legal status of any debt.

53. Defendant, CBE, committed act(s) or omission(s) prohibited under 15 U.S.C. § 1692e(10) by the use of forms of false representation and/or deceptive means to collect or attempt to collect a debt or collect information from Plaintiff.

54. Defendant, CBE, committed act(s) or omission(s) prohibited under 15 U.S.C. § 1692e(11) by calling Plaintiff's aforementioned cellular telephone number and hanging up prior to or as soon as the Plaintiff or the Plaintiff's voicemail answered the call, in such a way as to fail to disclose that the communication was from a debt collector.

55. Defendant, CBE, committed act(s) or omission(s) prohibited under 15 U.S.C. § 1692f by using unfair or unconscionable means to collect or attempt to collect a debt from Plaintiff.

56. Defendant's acts and omissions as described herein have directly and proximately resulted in Plaintiff's prior and continuing sustainment of damages as described by 15 U.S.C. § 1692 including, but not limited to: statutory damages; actual damages in the form of emotional pain and suffering, fear, worry, embarrassment, humiliation, and loss of the capacity for the enjoyment of life; and attorneys' fees and costs.

WHEREFORE, Plaintiff, JESSICA HEIDE-HOLWELL, respectfully demands judgment against Defendant, CBE, for statutory damages, actual damages, an injunction from further violations of these parts, attorneys' fees, costs, interest, and for such other relief as this Court deems just and proper.

## COUNT III
## VIOLATION OF IOWA DCPA

57. Plaintiff re-alleges and incorporates by reference the allegations of Paragraphs (1) through (56), as if fully set forth herein.

58. At all times material hereto, Defendant, CBE, was and is a "creditor" as defined by Iowa Code §537.7102(2).

59. At all times material hereto, Defendant, CBE, was and is a "debt collector" as defined by Iowa Code §537.7102(5).

60. At all times relevant to this action, Defendant, CBE, was and is subject to the Iowa DCPA, Iowa Code §537.7101 et seq.

61. Defendant, CBE, violated Iowa Code §537.7103(2)(b) by placing calls to Plaintiff without disclosing the name of the business or company it represented.

62. Defendant, CBE, violated Iowa Code §537.7103(2)(d) by causing a telephone to ring repeatedly or continuously or at unusual hours or times known to be inconvenient, with intent to annoy, harass or threaten.

63. Plaintiff has been the object of collection activity by the Defendant, CBE, arising from prohibited "debt collection" activity as defined and set forth by the Iowa DCPA, Iowa Code Chapter 537, Article 7, *et seq.*

64. Defendant's acts and omissions as described herein have directly and proximately resulted in Plaintiff's prior and continuing sustainment of damages including, but not limited to: statutory damages; actual damages in the form of emotional pain and suffering, fear, worry, embarrassment, humiliation, and loss of the capacity for the enjoyment of life; and attorneys' fees and costs. Plaintiff is entitled to recovery of the aforementioned damages pursuant to Iowa Code §537.5201 and any other applicable damages pursuant to the provisions of Iowa Code Chapter 537.

WHEREFORE, Plaintiff, JESSICA HEIDE-HOLWELL, respectfully demands judgment against Defendant, CBE, for statutory damages, actual damages, an injunction from further violations of these parts, attorneys' fees, costs, interest, and for such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all issues so triable.

Respectfully submitted,

*/s/ Nancy Thompson*
Nancy Thompson, Iowa Bar#:AT0007816
Nancy L. Thompson Law Office P.C.

10

309 Court Avenue, Suite 217
Des Moines, IA 50309-2222
515-875-4850 (voice)
515-875-4851 (fax)
nthompson@thompsonlawoffice.net
*Counsel for Plaintiff*

---

*Pending Pro Hac Vice Admission*
*/s/David P. Mitchell*
David P. Mitchell, Esq.
Florida Bar No. 067249
/s/ Richard D. Giglio
Richard D. Giglio, Esq.
Florida Bar No. 0128392
MANEY & GORDON, P.A.
101 East Kennedy Blvd., Suite 3170
Tampa, Florida 33602
Telephone: (813) 221-1366
Fax: (813) 223-5920
d.mitchell@maneygordon.com
r.giglio@maneygordon.com
v.marrero@maneygordon.com
*Counsel for Plaintiff*

11