IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

JESSICA HEIDE-HOLWELL,

    Plaintiff,

vs.

CBE COMPANIES, INC., t/a CBE GROUP,

    Defendant.

No. C 16-2021-MWB

**OPINION AND ORDER REGARDING THE PARTIES' MOTIONS IN LIMINE**

*Filed Under Seal*

_____

**TABLE OF CONTENTS**

I.    INTRODUCTION............................................................................2

II.   LEGAL ANALYSIS .......................................................................4
    A.    *"Boilerplate" Challenges*................................................................4
    B.    *Remaining Challenges*..................................................................6
        1.    *Background*.......................................................................6
            a.    *Generally applicable standards*...............................6
            b.    *Nature of the TCPA claim* ......................................8
        2.    *References to an ATDS or manual intervention*...................10
        3.    *Other determinations concerning CBE's dialing system*........................................................................13
        4.    *Evidence of other TCPA complaints against CBE*.................15

III.  CONCLUSION ............................................................................16

## I. INTRODUCTION

This litigation arises from a debt collector's alleged use of an automatic telephone dialing system (ATDS) and other conduct that allegedly harassed a debtor. Somewhat more specifically, plaintiff Jessica Heide-Holwell allegedly has a consumer debt to a third party that defendant CBE Companies (CBE) has allegedly been authorized to collect. Heide-Holwell alleges that, in attempting to collect the debt, CBE used an ATDS to call her cell phone without her consent in violation of 47 U.S.C. § 227(b)(1)(A), a provision of the Telephone Consumer Protection Act of 1991 (TCPA). She also alleges that CBE made repeated calls violating certain prohibitions of 15 U.S.C. §§ 1692d, 1692e, and 1692f, which are provisions of the federal Fair Debt Collection Practices Act (FDCPA), and certain prohibitions of IOWA CODE CH. 537, the Iowa Debt Collection Practices Act (Iowa DPCA).

This case is now set for a jury trial to begin on December 11, 2017. In anticipation of trial, the parties each filed a Motion In Limine on November 7, 2017, and each filed a Response to the opposing party's Motion on November 14, 2017.

In her Motion In Limine, Heide-Holwell seeks exclusion of the following thirteen categories of evidence: (1) "Any reference to the time period or circumstances under which [Heide-Holwell] hired an attorney"; (2) "Any speculation or argument about the substance of the testimony of any witness who is absent or unavailable, or whom [Heide-Holwell] did not call to testify"; (3) "Any reference to the fact that [Heide-Holwell] failed to call any witness equally available to all parties in the case"; (4) "Any reference to the existence or filing of this Motion in Limine, or to the fact that [Heide-Holwell] has sought to exclude evidence, or to any ruling on the Motion in Limine by the Court"; (5) "Any reference to 'crowded courtrooms,' or identifying either directly or implicitly this case as being the type of case that causes delays or backlogs in the court systems"; (6) "Any reference that a recovery from this action may or may not be subject to federal income

2

tax or any other tax"; (7) "Any reference to any instances, cases, verdicts, or references of any type that a telephone dialing system utilized by [CBE] at any time and/or in any capacity involved or required manual intervention to place a call"; (8) "Any reference to any instances, cases, verdicts, or references of any type that a telephone dialing system utilized by [CBE] at any time and/or in any capacity was determined and/or found not to be included in the definition of automated as defined by applicable law and statute"; (9) "Any reference to the fact that [CBE] may or will have to directly pay any judgment entered in this case"; (10) "Any reference which degrades, humiliates, or demeans [Heide-Holwell] or [her] counsel by referring to them as 'greedy,' or 'liars,' or 'ridiculous'"; (11) "Any reference that [Heide-Holwell] and/or [her] counsel do not reside and/or [are] not based in Iowa and/or [are] not local to the venue of this matter"; (12) "Any reference to any matter that is not relevant to the case or will not be supported by the evidence, asserting personal knowledge of the facts, or stating personal opinions regarding the case or the credibility of the witnesses, all of which is contrary to applicable law"; and (13) "Any reference that the purpose or result of this lawsuit will be to compensate [Heide-Holwell's] lawyers."

     In its Motion in Limine, CBE seeks exclusion of the following two categories of evidence: (1) "Testimony, comment, argument, or statement from [Heide-Holwell] or [her] counsel, during opening statement or at any point during trial, or any testimony or evidence regarding whether CBE utilized an 'automatic telephone dialing system' to contact [Heide-Holwell]"; and (2) "Testimony, comment, argument, or statement by [Heide-Holwell] or [her] counsel, during opening statement or at any point during trial, or any testimony or evidence regarding the existence of any complaints, lawsuits or other proceedings against CBE under the [TCPA]."

## II. LEGAL ANALYSIS
### A. "Boilerplate" Challenges

It is—or should be—clear that Heide-Holwell's challenges to evidence in categories (1) through (6) and (9) through (13) are nothing more than "boilerplate" challenges that identify little or no case-specific evidence, are vague or overbroad, or simply reiterate general exclusions under the Federal Rules of Evidence, the Trial Management Order, or well-settled case law. I have indicated my annoyance with "boilerplate" *discovery responses*, more than once, explaining that such responses obstruct the discovery process, violate numerous rules of civil procedure and ethics, impose costs on litigants that frustrate the timely and just resolution of cases, and, indeed, are tantamount to no response at all, which may constitute a waiver. *See Liguria Foods, Inc. v. Griffith Labs., Inc.*, 320 F.R.D. 168 (N.D. Iowa 2017); *St. Paul Reins. Co., Ltd. v. Commercial Fin. Corp.*, 198 F.R.D. 508 (N.D. Iowa 2000). Apparently, I must now add "boilerplate" *motions in limine* to the list of attorney conduct that needlessly increases the costs of litigation and impedes, rather than forwards, the timely, just, and inexpensive resolution of cases, because they are tantamount to no motion at all, but require the opposing party to respond and the court to rule on issues that are a foregone conclusion, thus wasting the opposing parties' and the court's time.

Indeed, CBE agrees with the exclusion of evidence in Heide-Holwell's categories (1), (4) through (6), (9) through (11), and (13). Thus, no motion in limine concerning these categories of evidence would have been necessary. If there were any doubts, a motion in limine concerning these categories could have been avoided if Heide-Holwell's counsel had attempted even a brief consultation with opposing counsel. CBE's lack of resistance to exclusion of these categories as well as the "boilerplate" nature of these categories suggest that there was no meaningful attempt by Heide-Holwell's counsel to confer on the need for a motion challenging them. Similarly, I agree with CBE that

4

categories (2), (3), and (12) are too vague, overbroad, and "boilerplate" to permit a pretrial ruling on their admissibility. Had Heide-Holwell's counsel conferred with CBE's counsel concerning these categories, it is likely that either the issues would have been clarified or the need for a challenge to these categories would have been eliminated. In fact, in its Response, CBE asserts that Heide-Holwell's counsel's representation that counsel for the parties had conferred regarding the subject matter of her Motion In Limine is demonstrably false.

Thus, the parts of Heide-Holwell's Motion In Limine seeking exclusion of categories (1), (4) through (6), (9) through (11), and (13) are **denied as moot**, and the parts seeking exclusion of categories (2), (3), and (12) are **denied as vague and overbroad.** Obvious caveats are that either party may respond to previously undisclosed testimony or present evidence to which the opposing party opens the door, while neither party may refer to expert testimony or what it might have shown, where neither party timely designated any experts.

United States Magistrate Judge Kelly K.E. Mahoney cautioned the parties, in an Order filed June 12, 2017, that "counsel for both sides should engage in effective communication and work together to move this case forward." It is clear to me, however, that the parties have not taken that warning to heart. I expect that the parties' remaining pretrial preparations will be conducted in a more cooperative manner with effective communication—particularly in preparation of the proposed Final Pretrial Order and the Joint Proposed Jury Instructions.

### B. Remaining Challenges

#### 1. Background

##### a. Generally applicable standards

The primary basis for the parties' remaining challenges to specific evidence are based on—or can be resolved primarily on the basis of—the balance of the probative value of that evidence against its potential for unfair prejudice. Consequently, I will summarize, here, relevance and prejudice standards for admissibility.

Rule 401 of the Federal Rules of Evidence defines relevant evidence as evidence that "(a) . . . has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Rule 402 provides that relevant evidence is generally admissible, but irrelevant evidence is not. Rule 403 provides for exclusion of even relevant evidence on various grounds, as follows:

> The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

FED. R. CIV. P. 403. The Eighth Circuit Court of Appeals "give[s] great deference to the district court's Rule 403 determinations." *United States v. Battle*, 774 F.3d 504, 514 (8th Cir. 2014); *United States v. Muhlenbruch*, 634 F.3d 987, 1001 (8th Cir. 2011) ("We review the district court's decision not to exclude evidence under Rule 403 for an abuse of discretion."); *United States v. Myers*, 503 F.3d 676, 681 (8th Cir. 2007) ("Under Rule 403, district courts have broad discretion to assess unfair prejudice, and are reversed only for an abuse of discretion." (citing *United States v. Henderson*, 416 F.3d 686, 693 (8th Cir. 2005), *cert. denied*, 546 U.S. 1175 (2006))).

More specifically, as to Rule 403, the Eighth Circuit Court of Appeals has explained,

> [U]nder Rule 403, the [challenged evidence's] probative value must be substantially outweighed by *unfair* prejudice. "Evidence is not unfairly prejudicial because it tends to prove guilt, but because it tends to encourage the jury to find guilt from improper reasoning. Whether there was unfair prejudice depends on whether there was an undue tendency to suggest decision on an improper basis." *United States v. Farrington*, 499 F.3d 854, 859 (8th Cir. 2007) (quotations omitted).

*Muhlenbruch*, 634 F.3d at 1001 (emphasis in the original); *Myers*, 503 F.3d at 681 ("Rule 403 'does not offer protection against evidence that is merely prejudicial in the sense of being detrimental to a party's case. The rule protects against evidence that is unfairly prejudicial, that is, if it tends to suggest decision on an improper basis.'" (quoting *Wade v. Haynes*, 663 F.2d 778, 783 (8th Cir. 1981), *aff'd sub nom. Smith v. Wade*, 461 U.S. 30 (1983)). The Advisory Committee Notes to Rule 403 explain that a decision on an "improper basis" is "commonly, though not necessarily, an emotional one." FED. R. CIV. P. 403, Advisory Committee Notes; *see also United States v. Bell*, 761 F.3d 900, 912 (8th Cir. 2014). Unfairly prejudicial evidence, inviting a decision on an improper basis, includes evidence that is "'so inflammatory on [its] face as to divert the jury's attention from the material issues in the trial.'" *United States v. Adams*, 401 F.3d 886, 900 (8th Cir. 2005) (quoting *United States v. Shoffner*, 71 F.3d 1429, 1433 (8th Cir. 1995)); *accord United States v. Young*, 753 F.3d 757, 768-69 (8th Cir. 2014) ("[T]he district court violated Federal Rule of Evidence 403 because the testimony was so inflammatory that its resulting unfair prejudice outweighed its probative value.").

When evidence may otherwise be inadmissible pursuant to Rule 403, the Eighth Circuit Court of Appeals and the Federal Rules of Evidence recognize that a limiting instruction on the proper uses of that evidence may mitigate the potential prejudice from

7

such evidence and allow it to be admitted. *See, e.g, Valadez v. Watkins Motor Lines, Inc.*, 758 F.3d 975, 982 (8th Cir. 2014) ("To the extent [the parties] were concerned about improper prejudice, a limiting instruction would have addressed those concerns." (citing FED. R. CIV. P. 105)); *United States v. Cowling*, 648 F.3d 690, 699 (8th Cir. 2011) ("Moreover, the risk of unfair prejudice was reduced by a cautionary instruction to the jury, given when the evidence was first admitted."); *United States v. Young*, 644 F.3d 757, 761 (8th Cir. 2011) (concluding that the district court did not abuse its discretion in admitting evidence for the limited purpose set forth in its instruction); *United States v. Walker*, 470 F.3d 1271, 1275 (8th Cir. 2006) ("[A] limiting instruction [concerning proper use of evidence of a prior conviction] diminishes the danger of unfair prejudice arising from the admission of the evidence."); *see also* FED. R. CIV. P. 105 (requiring a limiting instruction when the court admits evidence for a limited purpose). The court has also recognized that limiting the amount of evidence, while excluding evidence that might prejudicially divert the jury's attention from the issues in the case, may also mitigate any potential for unfair prejudice. *See United States v. Lemon*, 239 F.3d 968, 972 (8th Cir. 2001) (holding that, where the district court admitted a limited amount of gang-related evidence that was relevant to the defendant's "mere presence" defense, but excluded evidence of his drive-by shooting conviction, which might have prejudicially diverted the jury's attention from the constructive possession issues central to the case, the district court had not abused its discretion in admitting the limited gang-related evidence).

### b. *Nature of the TCPA claim*

Heide-Holwell's remaining evidentiary challenges, to her categories (7) and (8), and both of CBE's evidentiary challenges relate to Heide-Holwell's TCPA claim. Thus, admissibility of the challenged evidence requires consideration of the nature of that claim.

8

In a case involving a TCPA claim similar to Heide-Holwell's, the Eighth Circuit Court of Appeals explained as follows:

> Recognizing that automated calls are often a nuisance and an invasion of privacy, Congress passed the TCPA to balance "individuals' privacy rights, public safety interests, and commercial freedoms of speech and trade." *Mais v. Gulf Coast Collection Bureau, Inc.*, 768 F.3d 1110, 1117 (11th Cir. 2014) (quotations omitted). As relevant here, the statute prohibits any person from making "any call (other than a call made . . . with the prior express consent of the called party) using an automatic telephone dialing system [(ATDS)] or an artificial or prerecorded voice . . . to any telephone number assigned to a . . . cellular telephone service." 47 U.S.C. § 227(b)(1)(A)(iii).

*Zean v. Fairview Health Servs.*, 858 F.3d 520, 522–23 (8th Cir. 2017).[1] Section 227 provides

> (1) The term "automatic telephone dialing system" means equipment which has the capacity—
>
> > (A) to store or produce telephone numbers to be called, using a random or sequential number generator; *and*
> >
> > (B) to dial such numbers.

47 U.S.C.A. § 227(a)(1) (emphasis added). Hence, numerous district courts have held that "human intervention" is not, by itself, dispositive, but how "human intervention" applies to a particular piece of equipment is a critical component of the inquiry into whether a dialing system is an ATSD. *See, e.g., Ung v. Universal Acceptance Corp.*,

---

[1] In *Zean*, the Eighth Circuit Court of Appeals did not decide whether the lack of "express prior consent" is an element of a TCPA claim or an affirmative defense that the defendant must plead and prove, but did hold that, either way, a claimant cannot "state[] a facially plausible claim for TCPA relief without an allegation that [the defendant] did not have his 'prior express consent' to make the calls." 858 F.3d at 525-26.

249 F. Supp. 3d 985, 988-89 (D. Minn. 2017) (citing cases).  For example, where an agent must manually initiate calls, the system does not qualify as an ATDS.  *Id*.

### 2. *References to an ATDS or manual intervention*

The seventh category of evidence that Heide-Holwell seeks to exclude is "[a]ny reference to any instances, cases, verdicts, or references of any type that a telephone dialing system utilized by [CBE] at any time and/or in any capacity *involved or required manual intervention* to place a call." (Emphasis added).[2]  Heide-Holwell's argument appears to be that such evidence is more prejudicial than probative, because whether or not the system used by CBE is an ATDS is a question for the jury.[3]  The first category of evidence that CBE seeks to exclude is essentially the "flip side" of the same issue, because it involves "[t]estimony, comment, argument, or statement from [Heide-Holwell] or [her] counsel, during opening statement or at any point during trial, or any testimony or evidence regarding whether CBE *utilized an 'automatic telephone dialing system'* to contact [Heide-Holwell]."  *See, e.g., Ung*, 249 F. Supp. 3d at 988-89 (noting the importance of manual (or human) intervention in the determination of whether a dialing system is or is not an ATDS).  CBE's argument is that Heide-Holwell has not disclosed any expert to testify at trial concerning the requirements for an ATDS and her own lay testimony would be speculative, at best, and highly confusing to the jury, where the

---

[2] To the extent that this category of evidence includes determinations in other cases or by other tribunals, I will address that issue when I consider Heide-Holwell's category (8).

[3] I say this "appears to be" her argument, because the relevant part of Heide-Holwell's motion is a single sentence identifying the evidence with a footnote citing a NLRA case in which the Eighth Circuit Court of Appeals upheld exclusion of evidence that the NLRB failed to issue a complaint after employees filed unfair labor practice charges.  While it is not clear what the cited case has to do with any issue in *this* case, I have gleaned what I believe to be Heide-Holwell's pertinent argument from all of the briefing of the Motions In Limine.

requirements of an ATDS involve knowledge or expertise not within Heide-Holwell's scope of knowledge.

While an expert may opine on an ultimate factual issue in a case—here, whether or not CBE used an ATDS—at least if the expert provides a reliable basis for that opinion, a lay witness may not. *See* FED. R. EVID. 704(a); *Peters v. Woodbury Cty.*, Iowa, 979 F. Supp. 2d 909, 922-23 (N.D. Iowa 2013), *aff'd sub nom. Peters v. Risdal*, 786 F.3d 1095 (8th Cir. 2015). Thus, where there are no experts designated, it does not appear that any witness can properly opine on whether or not CBE's dialing system is an ATDS. On the other hand, a lay witness is not entirely precluded from offering opinions, if those opinions are "rationally based on the witness's perception," "helpful to clearly understanding the witness's testimony," and "not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." FED. R. EVID. 701. Whether or not CBE's dialing system *has the characteristics of an ATDS*—that is, the capacity "to store or produce telephone numbers to be called, using a random or sequential number generator," and the capacity to "dial such number," *see* 47 U.S.C. § 227(a)(1)—is a matter on which a lay witness may testify, if that witness has firsthand knowledge or an opinion rationally based on the witness's perception.

More specifically, whether or not CBE's dialing system involves some form of "manual intervention" is not an ultimate factual issue, even if it may be a critical one in determining whether or not a dialing system is an ATDS. *See, e.g., Ung*, 249 F. Supp. 3d at 988-89; *see also* 47 U.S.C. § 227(a)(1)(B) (automated dialing is required for a system to be an ATDS). Rather, the nature and degree of any "human intervention" are factual questions that do not necessarily require expertise and about which any fact witness with firsthand knowledge or an opinion rationally based on firsthand perception may testify. Similarly, whether or not CBE's dialing system has the capacity "to store or produce telephone numbers to be called, using a random or sequential number

11

generator," *see* 47 U.S.C. § 227(a)(1)(A), is a fact question about which any fact witness with firsthand knowledge or an opinion rationally based on firsthand perception may testify. Thus, for example, Heide-Holwell may be asked why she believes that the calls she received from CBE were automatically dialed, rather than manually dialed, and if she can provide a non-speculative reason, rationally based on her perception, for that belief, such testimony would be admissible. FED. R. EVID. 701. Likewise, CBE may present evidence of a corporate representative involved in the development, implementation, or the daily use of its dialing system to explain the nature and degree of human intervention involved, because such testimony would be rationally based on the witness's perception. If that testimony has a proper basis, it is relevant, *see* FED. R. EVID. 401, admissible, *see* FED. R. EVID. 402, and neither confusing nor more prejudicial than probative, *see* FED. R. EVID. 403.

Unlike witnesses, counsel are allowed to explain how the evidence presented establishes the legal requirements of an ATDS. It is simply impracticable to bar counsel from referring to an ATDS, just as it is impracticable to write jury instructions on Heide-Holwell's TCPA claim without using and defining the term "automatic telephone dialing system or ATDS." This is so, because whether or not CBE used such an ATDS is plainly an element of the claim. 47 U.S.C. § 227(b)(1)(A)(iii); *Zean*, 858 F.3d at 522–23. Of course, if Heide-Holwell cannot raise a jury question on one or more of the requirements of an ATDS, CBE will be entitled to judgment as a matter of law on her TCPA claim, and that claim will be withdrawn from the jury.

In short, the part of Heide-Holwell's Motion In Limine seeking exclusion of evidence in her category (7) is **denied**, while the part of CBE's Motion In Limine seeking exclusion of evidence in its category (1) is **granted** to the extent that witnesses may not refer to or opine on whether the dialing system used by CBE is or is not an ATDS, but **denied** to the extent that CBE seeks to preclude witnesses from testifying as to their

12

firsthand perceptions of how CBE's dialing system works and their opinions about whether or not it has certain characteristics, and to the extent it seeks to preclude counsel from arguing how admissible evidence demonstrates that CBE's dialing system is or is not an ATDS.

### 3. *Other determinations concerning CBE's dialing system*

The eighth category of evidence that Heide-Holwell seeks to exclude is "[a]ny reference to any instances, cases, verdicts, or references of any type that a telephone dialing system utilized by [CBE] at any time and/or in any capacity was determined and/or found not to be included in the definition of automated as defined by applicable law and statute." She contends that such a determination is solely within the province of the jury. To the extent CBE offers a responsive argument, CBE contends that such evidence undermines any finding of "willfulness" on its part for the purpose of any damages award.

I must point out, first, that the legally significant term for Heide-Holwell's TCPA claim, and the term defined in the TCPA, is not "automated" but "automatic telephone dialing system" (ATDS). *See* 47 U.S.C. §§ 227(a)(1) and 227(b)(1)(A). Definitions of "automated" are simply irrelevant. I have already indicated that witnesses will be precluded from opining on whether or not CBE's dialing system is or is not an ATDS, although there is no such bar on evidence of "manual intervention." I have explained, above, how admissible evidence may demonstrate that CBE's dialing system is or is not an ATDS. Thus, what remains to be determined is the admissibility of determinations in other cases or by other tribunals of whether CBE's dialing system is or is not an ATDS and whether or not that dialing system requires sufficient "human intervention" or "manual intervention" to avoid being an ATDS.

As the Eighth Circuit Court of Appeals has explained, "Although undoubtedly prejudicial, prior jury verdicts are not categorically inadmissible." *Chism v. CNH Am.*

13

*LLC*, 638 F.3d 637, 641 (8th Cir. 2011) (citing *Hale v. Firestone Tire & Rubber Co.*, 820 F.2d 928, 935 (8th Cir. 1987), as stating that the court was "inclined to admit" evidence of the disposition of similar incidents, including four verdicts, and instructing the district court to admit such evidence in the event of a retrial). Thus, the question of admissibility is a Rule 403 one of the relative balance of prejudice against probative value. *Id.*

CBE argues that such determinations are relevant and should be admissible, here, to undermine any finding that CBE acted "willfully." The TCPA provides that, in a private action, "If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph." 47 U.S.C. § 227(b)(3). Thus, evidence that CBE knew that its dialing system had been held not to be an ATDS in other proceedings is highly probative on the issue of any alleged "willfulness" of CBE's continued use of that dialing system. FED. R. EVID. 401 & 403. Nor are such determinations "hearsay," if they are not *offered for their truth*, but to show CBE's "state of mind," specifically, whether or not it acted "willfully." FED. R. EVID. 801(c) and 803(3). While such evidence is "undoubtedly prejudicial," *see Chism*, 638 F.3d at 641, I conclude that prejudice does not substantially outweigh the probative value of the evidence. FED. R. EVID. 403. Any potential prejudice of such evidence can be eliminated by a limiting instruction on the proper uses of that evidence. *See, e.g., Valadez*, 758 F.3d at 982; *Cowling*, 648 F.3d at 699; *Young*, 644 F.3d at 761; *Walker*, 470 F.3d at 1275; FED. R. EVID. 105. Any potential prejudice can also be eliminated by limiting the amount of such evidence, *see Lemon*, 239 F.3d at 972, so I will keep a tight rein on how much of such evidence is presented to the jury.

14

Thus, the part of Heide-Holwell's Motion In Limine seeking exclusion of category (8) is **denied**, subject to an appropriate limiting instruction and limitations on the amount of such evidence.

### 4. *Evidence of other TCPA complaints against CBE*

The last category of evidence at issue is CBE's second category, consisting of "[t]estimony, comment, argument, or statement by [Heide-Holwell] or [her] counsel, during opening statement or at any point during trial, or any testimony or evidence regarding the existence of any complaints, lawsuits or other proceedings against CBE under the [TCPA]." CBE argues that such evidence is inadmissible hearsay, except to the extent it presents admissions of an opposing party. Heide-Holwell agrees that simply informing the jury of other complaints against CBE is improper, but she argues that should not preclude use of documents, information, sworn statements, deposition testimony, and other evidence from other CBE cases, if such evidence is otherwise admissible pursuant to the Federal Rules of Evidence.

Evidence is not relevant, *see* FED. R. EVID. 401, nor admissible, *see* FED. R. EVID. 402, simply because it is from or about other cases, and such evidence could result in confusion of the issues, *see* FED. R. EVID. 403, or be unfairly prejudicial, because it suggests the jury should reach a verdict on the improper basis that CBE is a "bad actor," if it has been repeatedly sued. *See id.*; *Muhlenbruch*, 634 F.3d at 1001; *Meyers*, 503 F.3d at 681. On the other hand, if exhibits and testimony from other cases can be shown to satisfy the requirements of Rule 32(a)(8) of the Federal Rules of Civil Procedure and Rule 804(b)(1) of the Federal Rules of Evidence, or otherwise satisfy requirements for admissibility, they are not excludable merely because they came from other litigation. Such evidence must be redacted, however, so as not to indicate the proceedings in which they were submitted and must be identified, for example, only as evidence "from other proceedings."

15

Thus, the part of CBE's Motion In Limine seeking exclusion of category (2) is **granted**, subject to the possible exceptions identified, above.

### III.    CONCLUSION

Upon the foregoing,

1.    Plaintiff Heide-Holwell's Motion In Limine (docket no. 44) is **denied**, as follows:

    a.    The parts of Heide-Holwell's Motion seeking exclusion of categories (1), (4) through (6), (9) through (11), and (13) are **denied as moot**;

    b.    The parts of Heide-Holwell's Motion seeking exclusion of categories (2), (3), and (12) are **denied as vague and overbroad**;

    c.    The part of Heide-Holwell's Motion seeking exclusion of evidence in category (7) is **denied**; and

    d.    The part of Heide-Holwell's Motion seeking exclusion of category (8) is **denied**, subject to an appropriate limiting instruction and limitations on the amount of such evidence;

2.    Defendant CBE's Motion In Limine (docket no. 45) is **granted in part and denied in part**, as follows:

    a.    The part of CBE's Motion seeking exclusion of evidence in its category (1) is **granted** to the extent that witnesses may not refer to or opine on whether the dialing system used by CBE is or is not an ATDS, ***but* denied** to the extent that CBE seeks to preclude witnesses from testifying as to their firsthand perceptions of how CBE's dialing system works and their opinions about whether or not that dialing system has certain characteristics, and to the extent it seeks to preclude counsel from arguing how admissible evidence demonstrates that CBE's dialing system is or is not an ATDS; and

b.  The part of CBE's Motion seeking exclusion of category (2) is **granted**, subject to the possible exceptions identified, above.

IT IS FURTHER ORDERED that, to avoid exposure of potential jurors to information about excluded evidence, this ruling shall be sealed until ten days after completion of trial or any settlement, unless a party files a motion within that ten-day period showing good cause why the ruling should remain sealed.

**IT IS SO ORDERED.**

**DATED** this 17th day of November, 2017.

_____
MARK W. BENNETT
U.S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA